UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENIFER KAMINSKY,
                    Plaintiff,

v.

INDEPENDENT HEALTH ASSOCIATION,
INC., *et al.*,
                    Defendants.

**DECISION AND ORDER**

20-cv-1777(JLS)(JJM)

---

ALISON LOCKE,
                    Plaintiff,

v.

INDEPENDENT HEALTH ASSOCIATION,
INC., *et al.*,
                    Defendants.

20-cv-1891(JLS)(JJM)

---

MARY GRACE O'CONNOR,
                    Plaintiff,

v.

INDEPENDENT HEALTH ASSOCIATION,
INC., *et al.*,
                  Defendants.

21-cv-0689(JLS)(JJM)

---

LEAH ARMUSEWICZ, *et al.*,
                  Plaintiffs,

v.

INDEPENDENT HEALTH ASSOCIATION,
INC., *et al.*,
                  Defendants.

22-cv-0432(JLS)(JJM)

On February 28, 2023 the parties filed an identical letter motion in each of these related actions, requesting an extension of the discovery and dispositive motion deadlines contained in my April 14, 2022 Case Management Orders in the Kaminsky, Locke and O'Connor actions and my October 12, 2022 Case Management Order in the Armusewicz action. The motions state that "[w]hile the parties have exchanged written discovery and documents . . . additional time is needed to complete fact discovery and file pre-trial dispositive motions. Looking ahead, we anticipate that certain issues regarding the scope of discovery in this ERISA matter may be raised and, therefore, seek additional time to resolve any such issues and to schedule depositions, if necessary".

If it were solely up to me, I would readily grant the requested extensions, since all parties have agreed. However, my discretion to grant that relief is limited by Fed. R. Civ. P. ("Rule") 16(b)(4), which requires "good cause" for an extension of a scheduling order deadline. Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251, 253 (W.D.N.Y. 2012); Rupp v. City of Buffalo, 328 F.R.D. 69, 71 (W.D.N.Y. 2018); In re National Prescription Opiate Litigation, 956 F.3d 838, 843 (6th Cir. 2020) ("the application of Rule 16(b)'s good-cause standard is not optional").

"[A] finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). "Good cause exists where the moving party is unable to comply with a required deadline despite the exercise of due diligence." George v. City of Buffalo, 789 F. Supp. 2d 417, 425 (W.D.N.Y. 2011); Parker, 204 F.3d at 340. The fact that the parties have consented to the requested extension does not itself constitute good cause. Rupp, 328 F.R.D. at 71; Century 21 Real Estate LLC v. Camden

Securities Inc., 2013 WL 12058576, *2 (C.D. Cal. 2013) (consent "does nothing to show actual good cause for the extension").

I reminded the parties of the "good cause" requirement during the Rule 16 conference in each case, and confirmed that requirement in my Case Management Orders, citing Parker. Although those Orders also stated that "[a]bsent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended", the motions in the Kaminsky, Locke and O'Connor actions seek to extend discovery deadlines which expired months ago.

While the motions state that the parties "have been attempting to resolve this matter through ADR sessions", each of my Case Management Orders cautioned that "[t]he continuation of mediation sessions shall not delay or defer of the dates set forth" therein. Since the parties have failed to show why they could not have met the deadlines with reasonable diligence, their motions are denied.

While the parties are free to continue discovery on a voluntary basis, they may not seek my assistance in resolving any disputes which may arise, nor will I extend the deadlines for dispositive motions. Any additional requests in that regard should be directed to District Judge Sinatra.

SO ORDERED.

Dated: March 1, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge